**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| NORMA BROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-511-GPM |
| | ) |
| JOHNSON & JOHNSON, ORTHO-McNEIL | ) |
| PHARMACEUTICAL, INC., and | ) |
| JOHNSON & JOHNSON | ) |
| PHARMACEUTICAL RESEARCH & | ) |
| DEVELOPMENT, LLC, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."). Plaintiff Norma Brooks brings this action for personal injuries allegedly caused by the prescription drug Levaquin. Named as Defendants are Johnson & Johnson ("J & J"), Ortho-McNeil Pharmaceutical, Inc. ("Ortho-McNeil"), and Johnson & Johnson Pharmaceutical Research & Development, LLC ("J & J Pharmaceutical"), the makers and distributors of Levaquin. This case

was filed originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, and comes to this Court on removal. J & J, Ortho-McNeil, and J & J Pharmaceutical, the removing parties, assert federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, which grants federal courts jurisdiction over suits in which there is complete diversity of citizenship, that is, no plaintiff is a citizen of the same state as any defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)).

It appears that Brooks's claim originally was part of a larger state-court suit styled *Patel v. Johnson & Johnson* that involved ninety-eight plaintiffs and in which complete diversity of citizenship presumably was lacking. However, it further appears that on May 16, 2011, Brooks's claim was severed voluntarily from those of the other plaintiffs in *Patel*. Accordingly, this case was properly removed within thirty days of the date that Brooks's claim became removable. *See* 28 U.S.C. § 1446(b) (providing that, if a case is not initially removable, "a notice of removal may be filed within thirty days after receipt by the defendant . . . of a copy of an . . . order or other paper from which it may first be ascertained that the case is one which is or has become removable[.]"); *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 1002-03 (S.D. Ill. 2007) (under the federal common-law "voluntary-involuntary rule," a case that is not removable initially can become removable through a voluntary action of a plaintiff) (collecting cases). As to the jurisdictional amount in controversy, it appears that a sum in excess of $75,000, exclusive of interest and costs, is at issue in this case, given that Brooks alleges severe and permanent physical injuries. *See Andrews v. E.I. Du Pont De*

*Nemours & Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (holding that diversity jurisdiction was proper where the plaintiff's complaint sought damages "in excess of $50,000" and alleged "severe and permanent" injuries); *Baker v. Johnson & Johnson*, 709 F. Supp. 2d 677, 684 (S.D. Ill. 2010) (finding the jurisdictional amount in controversy to be staisfied where a plaintiff alleged "severe and permanent personal injuries as a result of taking Levaquin"); *Colon v. SmithKline Beecham Corp.*, Civil No. 09-1073-GPM, 2010 WL 46523, at *2 (S.D. Ill. Jan. 5, 2010) ("[T]his Court routinely finds the amount in controversy to be satisfied in cases where plaintiffs allege 'severe and permanent personal injuries[.]'") (collecting cases). With respect to complete diversity of citizenship, Brooks is properly alleged to be a citizen of Texas. *See Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction."). J & J is a corporation incorporated under New Jersey law with its principal place of business in New Jersey and thus is a citizen of New Jersey for purposes of diversity jurisdiction; Ortho-McNeil is a corporation incorporated under Pennsylvania law with its principal place of business in New Jersey and thus is a citizen of Pennsylvania and New Jersey for diversity purposes. *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it maintains its principal place of business).[1]

Unfortunately, the citizenship of J & J Pharmaceutical for purposes of federal diversity jurisdiction is not properly alleged. J & J Pharmaceutical is a limited liability company ("LLC"). The citizenship of an LLC for diversity purposes is the citizenship of each of the LLC's

---

1. The Supreme Court of the United States clarified recently that, for diversity purposes, a corporation's principal place of business is the state where the corporation maintains its headquarters or "nerve center." *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010).

members.  *See Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *LaRoe v. Cassens & Sons, Inc.*, 472 F. Supp. 2d 1039, 1040 (S.D. Ill. 2006).  According to the notice of removal in this case, J & J Pharmaceutical is an LLC organized under New Jersey law the sole member of which is Centocor Research & Development, Inc. ("Centocor").  However, Centocor is alleged merely to be "a Pennsylvania corporation." Doc. 2 at 5 ¶ 16.  This allegation is insufficient to establish Centocor's citizenship for diversity purposes, as it appears to allege only that Centocor is incorporated under Pennsylvania law, without identifying also the state where Centocor maintains its principal place of business.  Because Centocor's state citizenship is unclear, that of J & J Pharmaceutical is unclear as well.  It is the Court's usual practice, in cases in which federal subject matter jurisdiction has been improperly pled, to give leave freely to amend defective jurisdictional allegations.  *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992) (quoting *Watkins v. Lujan*, 922 F.2d 261, 264 (5th Cir. 1991)) ("[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given.").  Therefore, the Court will give J & J, Ortho-McNeil, and J & J Pharmaceutical leave to file an amended notice of removal that alleges both the state where Centocor is incorporated and the state where Centocor maintains its principal place of business in order to establish diversity jurisdiction.[2]

---

2.    The allegation in the amended notice of removal with respect to Centocor's state citizenship for diversity purposes should be in substantially the following form:  Centocor "is . . . a corporation incorporated under the laws of [State] with its principal place of business in [State]."  Form 7, Appendix of Forms, Fed. R. Civ. P. *See also Rush Presbyterian St. Luke's Med. Ctr. v. Safeco Ins. Co. of Am.*, 825 F.2d 1204, 1205-06 (7th Cir. 1987).

To conclude, it is hereby **ORDERED** that J & J, Ortho-McNeil, and J & J Pharmaceutical shall file an amended notice of removal that properly alleges the corporate state citizenship of Centocor for purposes of federal diversity jurisdiction not later than ten (10) days from the date of entry of this Order. Failure to file an amended notice of removal as herein ordered will result in remand of this case to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois. *See* 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

DATED:  June 16, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge